**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John D. Garvin, Appellant.

Appellate Case No. 2013-001209

———————

Appeal From Spartanburg County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-414
Submitted September 1, 2014 – Filed November 26, 2014

———————

**AFFIRMED**

———————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General David A. Spencer, and Assistant Attorney General Johanna Catalina Valenzuela, all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

———————

**PER CURIAM:** John D. Garvin appeals his conviction for trafficking in heroin, arguing the trial court erred in (1) admitting his statement when the State failed to prove by a preponderance of the evidence the statement was freely and voluntarily given and (2) denying his motion for a directed verdict when the statement was the only evidence against him. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting Garvin's statement: *State v. Moses*, 390 S.C. 502, 510-11, 702 S.E.2d 395, 399 (Ct. App. 2010) ("On appeal, the trial [court's] ruling as to the voluntariness of [a] confession will not be disturbed unless so erroneous as to constitute an abuse of discretion." (quotation marks omitted)); *State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("When reviewing a trial court's ruling concerning voluntariness, this [c]ourt does not reevaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence."); *Moses*, 390 S.C. at 513, 702 S.E.2d at 401 ("[T]he test for determining whether a defendant's confession was given freely, knowingly, and voluntarily focuses upon whether the defendant's will was overborne by the totality of the circumstances surrounding the confession."); *id.* at 513-14, 702 S.E.2d at 401 ("Courts have recognized appropriate factors that may be considered in a totality of the circumstances analysis: background; experience; conduct of the accused; age; maturity; physical condition and mental health; length of custody or detention; police misrepresentations; isolation of a minor from his or her parent; the lack of any advice to the accused of his constitutional rights; threats of violence; direct or indirect promises, however slight; lack of education or low intelligence; repeated and prolonged nature of the questioning; exertion of improper influence; and the use of physical punishment, such as the deprivation of food or sleep."); *id.* at 514, 702 S.E.2d at 401 ("[N]o single factor is dispositive and each case requires careful scrutiny of all surrounding circumstances."); *Saltz*, 346 S.C. at 136-37, 551 S.E.2d at 252 (holding a trial court correctly ruled a defendant's statements were voluntary and admissible under a totality of the circumstances when there was "no evidence in the record whatsoever of any improper conduct on the part of the investigating officers nor of any deficiency on [the defendant's] part which would call his waiver of rights into question").

2. As to whether the trial court erred in denying Garvin's directed verdict motion: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("A defendant is entitled to a

directed verdict when the [S]tate fails to produce evidence of the offense charged."); *id.* ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); *State v. Cherry*, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004) ("The [trial] court should not refuse to grant the directed verdict motion when the evidence merely raises a suspicion that the accused is guilty."); *id.* ("'Suspicion' implies a belief or opinion as to guilt based upon facts or circumstances which do not amount to proof."); *State v. Ballenger*, 322 S.C. 196, 199, 470 S.E.2d 851, 853 (1996) ("However, a trial [court] is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis.").

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.